# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| **NAOMY FRAY-REGATO**, an individual, | **CIVIL ACTION** |
| Plaintiff, | |
| v. | Case No. 8:21-cv-1264 |
| **MOODY AGENCY, LLC**, a Florida limited liability company, | Judge: |
| Defendant. | Mag. Judge: |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **NAOMY FRAY-REGATO** ("**FRAY-REGATO**" or Plaintiff), by and through undersigned counsel, and states the following for her Complaint:

## CAUSES OF ACTION

1. This is an action brought under the Pregnancy Discrimination Act (PDA) and Florida Civil Rights Act (FCRA) for (1) pregnancy discrimination in violation of the PDA, and (2) pregnancy discrimination in violation of the FCRA.

## PARTIES

2. The Plaintiff, **NAOMY FRAY-REGATO** ("**FRAY-REGATO**") is an individual and a resident of Florida who at all material times was employed by the Defendant in Sarasota County, Florida.

1

3. Defendant, **MOODY AGENCY, LLC** ("**MOODY**" or "Defendant") is a Florida limited liability company, and has a principal place of business Sarasota County, Florida 33908. The Defendant employed **FRAY-REGATO**.

4. The Defendant employs in excess of 15 employees and is an employer under the PDA and FCRA.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this matter under 28 U.S.C. §1331.

6. This Court has supplemental jurisdiction over **FRAY-REGATO**'s state law claims pursuant to 28 U.S.C. §1367.

7. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff was employed in Sarasota County, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Sarasota County, Florida, which is within the Middle District of Florida. Venue is proper in the Tampa Division under Local Rule 1.02(b)(5) since Sarasota County is within the Tampa Division.

8. **FRAY-REGATO** timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission (EEOC) and received her Notice of Right to Sue on April 5, 2021, a true and accurate copy of which is attached as Exhibit 1.

## GENERAL ALLEGATIONS

9. **FRAY-REGATO** began her employment with the Defendant on August 12, 2019 and was employed as a personal lines representative.

10. **FRAY-REGATO** always performed her assigned duties in a professional manner and was very well qualified for her position despite her pregnancy.

11. **FRAY-REGATO** received great performance reviews from Defendant's managers- that is until she disclosed her pregnancy.

12. On or about January 17, 2020, **FRAY-REGATO** informed her supervisor of her pregnancy.

13. Within a matter of only a few days, **FRAY-REGATO**'s supervisor had doubled **FRAY-REGATO**'s normal workload, including adding in new job duties that had previously never been assigned.

14. On or about January 23, 2020, **FRAY-REGATO** was suffering from a bout of morning sickness due to her pregnancy and was running late for work. In accordance with the Defendant's policy, she promptly called her supervisor to advise of her sickness and that she would be a few minutes late. Her supervisor advised her not to come into work.

15. As she had been told not to come into work, **FRAY-REGATO** used her time to attend a prenatal appointment to address her morning sickness for

which she obtained a doctor's note, which she was going to provide to her supervisor.

16. However, on January 24, 2020, **FRAY-REGATO**'s supervisor called her to advise that she was being terminated for not coming to work the day before, despite having been specifically being told <u>not</u> to come into work.

17. The Defendant terminated **FRAY-REGATO** as a result of pregnancy.

18. The Defendant's tangible, adverse employment actions were causally connected to **FRAY-REGATO**'s pregnancy.

19. The Defendant intentionally and systematically discriminated against **FRAY-REGATO** by using her pregnancy as the substantial or motivating factor in the Defendant's decision not to continue **FRAY-REGATO**'s employment and terminating her.

20. The Defendant's decision to terminate **FRAY-REGATO**'s employment violated **FRAY-REGATO**'s rights under the PDA and FCRA.

## **COUNT I – VIOLATION OF THE PREGNANCY DISCRIMINATION ACT (PDA)**

21. Plaintiff incorporates by reference Paragraphs 1-20 of this Complaint as though fully set forth below.

22. At all material times, **FRAY-REGATO** was an employee and the Defendant was her employer covered by and within the meaning of the PDA.

23. The Defendant intentionally discriminated against **FRAY-REGATO** because she was pregnant with regard to the terms and conditions of her employment, whereas other similarly situated non-pregnant employees were given unrestricted brief leave to accommodate their physical incapacity or for no reason at all.

24. The Defendant's employment and disciplinary policies were applied differently to **FRAY-REGATO** because of her pregnancy.

25. The Defendant intentionally discriminated against **FRAY-REGATO** by discharging her because she became pregnant.

26. The Defendant acted with malice or reckless indifference to the civil rights of **FRAY-REGATO**.

27. **FRAY-REGATO** has exhausted her administrative remedies and this Count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing Defendant to cease and desist from all pregnancy discrimination of all employees;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v. Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vi. Reasonable attorney's fees plus costs;

vii. Compensatory damages, and;

viii. Such other relief as this Court shall deem appropriate.

### **COUNT II – VIOLATION OF THE FCRA- PREGNANCY**

28. Plaintiff incorporates by reference Paragraphs 1-20 of this Complaint as though fully set forth below.

29. At all material times, **FRAY-REGATO** was an employee and the Defendant was her employer covered by and within the meaning of the FCRA.

30. The Defendant intentionally discriminated against **FRAY-REGATO** because she was pregnant with regard to the terms and conditions of her employment, whereas other similarly situated non-pregnant employees were given unrestricted brief leave to accommodate their physical incapacity or for no reason at all.

31. The Defendant's employment and disciplinary policies were applied differently to **FRAY-REGATO** because of her pregnancy.

6

32. The Defendant intentionally discriminated against **FRAY-REGATO** by discharging her because she became pregnant.

33. The Defendant acted with malice or reckless indifference to the civil rights of **FRAY-REGATO**.

34. **FRAY-REGATO** has exhausted her administrative remedies and this Count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing Defendant to cease and desist from all pregnancy discrimination of all employees;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v. Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vi. Reasonable attorney's fees plus costs;

vii.    Compensatory damages, and;

viii.    Such other relief as this Court shall deem appropriate.

## DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **NAOMY FRAY-REGATO**, by and through her undersigned attorney, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,

Dated: May 25, 2021    **/s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Trial Counsel for Plaintiff
Yormak Employment & Disability Law
9990 Coconut Road
Bonita Springs, Florida 34135
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com